# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5034 | **DATE** | 7/20/2010 |
| **CASE TITLE** | Wade Harrison Pamon vs. Board of Trustees of the University of Illinois | | |

**DOCKET ENTRY TEXT**

Opinion.
Plaintiff Wade Harrison Pamon's Motion to Strike Affirmative Defenses [63] is denied. Pamon's Motion for Summary Judgment [65] is denied without prejudice. Status hearing set for 8/17/2010 at 9:30AM.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Wade Harrison Pamon, a former police officer, filed this employment discrimination action against his former employer the Board of Trustees of the University of Illinois ("Board"). Pamon alleges that the Board violated his rights under the Americans with Disabilities Act ("ADA") by making an impermissible inquiry about his disability and by terminating his employment because of the disability. Pamon has filed a pro se motion to strike the defendant's seven affirmative defenses. He has also filed a motion for summary judgment.

<u>Motion to Strike Affirmative Defenses</u>

The Federal Rules provide a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored. *Great West Cas. Co. v. Marathon Oil Co.*, No. 99 C 3101, 2001 WL 103426, at *5 (N.D. Ill. Jan. 31, 2001). "A motion to strike defenses as insufficient will be granted only if the defenses are 'insufficient as a matter of law or present no questions of law or fact.' Moreover, the defenses will be stricken only if they are insufficient 'on the face of the pleadings.'" *Id.* (citations omitted).

Pamon argues that some of the affirmative defenses are improper because they are not defenses specifically enumerated by the ADA. *See* 42 U.S.C. § 12113 (setting out defenses to an employment discrimination claim). But Pamon does not cite any statutory provision or case holding that these defenses are exclusive. Strictly speaking, some of the Board's defenses are perhaps better characterized as reasons why Pamon cannot state a claim, or as denials of Pamon's allegations, rather than affirmative defenses. However, the court need not strike the defenses for this reason. *See Great West*, 2001 WL 103426, at *6 ("The defense of failure to state a claim may be raised as an affirmative defense in an answer, rather than as a motion.").

**STATEMENT**

In its first defense, the Board states that Pamon was not terminated, but rather resigned. Pamon argues that he was asked to resign. This argument raises a factual question which cannot be resolved on a motion to strike.

In its second defense, the Board alleges that Pamon refused to take a "functional capacity test" before returning to work following disability leave. This defense is also proper because a medical examination is permissible when it is job related and reflects a concern for employee safety. *Krocka v. City of Chicago*, 203 F.3d 507, 515 (7th Cir. 2000). Pamon states that a Ninth Circuit panel reached a contrary conclusion. However, Pamon does not identify the case, and, in any event, this court is bound to follow the Seventh Circuit. Ninth Circuit case law is not binding.

In its third defense, the Board alleges that Pamon "is not a qualified individual with a disability under the ADA." Pamon again disputes the factual nature of this defense but offers no valid reason for it to be stricken.

In its fourth and fifth defenses, the Board alleges that any inquiry made regarding Pamon's disability and the required functional capacity test were job related and consistent with business necessity. Pamon disputes that either was job related or consistent with business necessity. These are factual issues not proper for disposition on this motion.

In its sixth defense, the Board alleges that Pamon did not extinguish his administrative remedies because he failed to take advantage of an existing grievance process. Pamon argues that the grievance procedure did not apply to these circumstances and, because he was never reinstated, he was unable to use the grievance procedure. Pamon's arguments raise only factual disputes.

Finally, in its seventh defense, the Board states that Pamon "is equitably estopped from asserting a claim that, to the extent he did suffer an adverse job action, was the result of his own conduct of refusing to participate in the interactive reinstatement process in good faith." Pamon responds that it was the Board which failed to act in good faith, but again this dispute is factual and must be resolved at a later stage of the litigation.

Pamon's motion to strike is denied.

Motion for Summary Judgment

Pamon filed his motion for summary judgment on February 19, 2010. (Doc. 65.) Since that time, discovery has been ongoing under the supervision of Magistrate Judge Mason. The Board requests that the court allow discovery to be completed before proceeding with summary judgment. Although the Federal Rules permit a motion for summary judgment "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(c)(1)(A), parties customarily wait until after discovery is complete. Rule 56(f) permits the court to deny or continue a summary judgment motion to give the opposing party more time to take discovery.

Pamon failed to comply with Local Rule 56.1. With his motion, Pamon was required to sumit a statement of material facts, *see* Local Rule 56.1(a)(1)(3), and failure to do so may result in dismissal, *see* Local Rule 56.1(a). Accordingly, the court denies Pamon's motion for summary judgment without prejudice. If Pamon wishes to file a renewed motion for summary judgment, he must comply with all relevant rules. Before refiling his motion, Pamon is encouraged to consult the District Court Pro Se Assistance Program located on the 20th floor of the Dirksen Building, 219 S. Dearborn. Appointments are available by visiting the 20th floor or by calling (312) 435-5691.